WALTER M. ALLEN, Administrator, *vs.* BENJAMIN SAWTELLE.

The dismissal of an action duly commenced within the time allowed by the statute of limitations, because of an accidental omission of the clerk to enter it seasonably on the docket under *St.* 1851, *c.* 233, § 13, is a defeat of the action for matter of form, within the meaning of the Rev. Sts. *c.* 120, § 11, and a new action may be commenced within a year.

MERRICK, J. The defence urged by the defendant to the maintenance of this action is the statute of limitations. It was commenced more than six years after the promissory note set forth in the declaration became due and payable, but in less than one year after the determination of a former suit upon the same cause of action, brought within the time limited and allowed by law. If the first suit was avoided or defeated by any matter of form, the statute of limitations is not an available defence to the present action. Rev. Sts. *c.* 120, § 11. And this is now the point in controversy between the parties.

The first suit was dismissed upon the motion of the defendant, for the reason that it had not been seasonably entered on the docket by the clerk. The plaintiff intended that the writ, which had been duly served and returned to the clerk's office, should be entered, and paid the clerk the fee which entitled him to have it done. But by the accidental mislaying of the list of actions to be entered, which was furnished by the plaintiff's counsel, it was not entered in fact according to the requirement of the statute. *St.* 1851, *c.* 233, § 13. And it was held in this court at October term 1853, upon exceptions taken to the ruling of the court of common pleas, that this omission to enter the action was fatal, and that the permission given by that court for its further prosecution was erroneous. 12 Cush. 222.

This, we think, was very clearly a mere matter of form. It certainly did not concern the substance of the question in controversy between the parties, nor in any degree affect the merits of the suit. But there was a failure, on the part of the plaintiff, to comply with one of the modes or forms of judicial proceed-

ings in civil actions, concerning which the legislature had seen fit to establish an absolute rule. The signification of " form," when considered in reference to the prosecution of suits in courts of law, is not limited merely to the manner in which parties are to state their particular claims or grounds of defence, but extends to what has been, by legislative enactment or other legitimate authority, made the stated method or particular mode in which they shall be conducted. In the original statute, of which § 11 of *c.* 120 of the Rev. Sts. is a revision, the right of maintaining a second action, notwithstanding the lapse of time, was saved by the provision that it should be sustained if the first action was avoided on demurrer, or otherwise for " informality of proceedings." *St.* 1793, *c.* 75, § 2. There was a change of phraseology on the revision ; but that no change of the law was intended is apparent from the fact, that the alteration was made by the commissioners, unaccompanied by any explanatory note or observation indicating such a purpose. See Report of Commissioners on Rev. Sts. *c.* 120.

The principle established by the decision of the court in *Coffin* v. *Cottle,* 16 Pick. 383, and fully affirmed in *Wood* v. *Houghton,* 1 Gray, 580, leads distinctly to the same conclusion which results from the considerations already stated. It is certain that the plaintiff did not mean to permit his debt to remain for such length of time as would bar him from its recovery, without an attempt to enforce it. He used the diligence required by the law, when he instituted his first suit against the defendant. That was defeated through no negligence or inattention of his own ; and therefore there was no forbearance or delay from which a presumption could arise that the debt had already been in some way paid or discharged. Having been defeated in his first suit by a matter not affecting the merits of his claim, he has a right, since he seasonably proceeded with the second, to prosecute it to a regular conclusion.

Under the agreement of the parties, as the plea relied on, of the statute of limitations, cannot be supported upon the facts stated, judgment is to be rendered for the plaintiff. No allusion having been made, in the argument for the defendant, to the

question whether he is liable by reason of the form of the note in suit, we have considered that that question was intentionally waived, and we have accordingly given to it no attention.

*Judgment for the plaintiff.*

*J. P. Converse*, for the plaintiff.

*B. F. Butler*, for the defendant.